Curia, per

O’Neall, J.
The amendment of a prisoner’s schedule, is very much a matter of discretion with the Commissioner of special bail. If it does not operate to suprise or delay the creditor it is properly allowed. Sherman & Debruhl vs. Barrett, 1st M’Mul. 160. It seems the amendment was made 3rd of May, the discharge was the 17th of August. The time was therefore ample, and no surprise-or delay could have been the consequence.
The objection, however, seems to be to the form of the amendment. This unquestionably may present some difficulty, But I apprehend it may be easily removed. The defendant states what he affirms to be the true condition of the property, and then says whatever interest he has in it, he is ready to include it in his schedule and assign it. This is perhaps unusual, but I do not perceive the objection to it. If it be the debtor’s property, his declarations in the assignment cannot prejudice his assignee’s ultimate right of recovery; they will have no more *180 weight nor effect than they would have had if made before assignment, and which could be given in evidence against the assignee’s title. But notwithstanding such statements, the assignee may still recover, for he not only represents the debtor, but he also stands as creditor, and may therefore shew every thing which would make the property be regarded in law as that of his assignor, either in his own right or in favour of creditors. There can be no necessity, then, why the prisoner’s schedule should be assailed, and the jury now put to try whether his statements are true or false. Any verdict given upon that question would not falsify his schedule. For if the statement be false, then the property is in the schedule, and it never. could be averred that he had not rendered in a schedule of all his estate and effects. Under such circumstances it was idle to summon a jury, they had nothing to try. This being the case, the order of discharge necessarily followed. The motion is dismissed.
Richardson and Evans, JJ. concurred.